IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENYAHTA BECK,

      Plaintiff,

v.

JOHN DOE #1
and ANTHONY WILLS,

      Defendants.

Case No. 24-cv-1933-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Kenyahta Beck, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. After review of his Complaint pursuant to 28 U.S.C. § 1915A, Beck was allowed to proceed on a single First Amendment claim against John Doe #1 mailroom staff member for returning Beck's correspondence with his family (Doc. 13, pp. 5-8). Warden Anthony Wills was added to the case, in his official capacity only, to respond to discovery aimed at identifying the unknown mailroom staff.

    This matter is currently before the Court on a motion to amend (Doc. 28) filed by Beck, as well as a notice identifying John Doe #1 (Docs. 29, 30).

A. *John Doe #1*

Beck filed a notice identifying John Doe #1 as C. Mattingly (Doc. 29). In response to his notice, Warden Wills filed an additional notice (Doc. 30) clarifying that John Doe #1's full name is Charles Mattingly. Accordingly, the Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Charles Mattingly in place of John Doe #1 and **SERVE** him in accordance with the Court's merit review order (Doc. 13).

B. *Motion to Amend*

In addition to Beck's notice, he filed a motion to amend his Complaint (Doc. 28). Beck seeks to amend his claim against Correctional Officer Rash, a defendant who was dismissed because Beck failed to adequately allege a retaliation or due process claim against him (Doc. 13, pp. 8-9). Beck previously asked the Court to reconsider its Order, but his request was denied (*See* Docs.16, 20, 21, 23, 26). Beck's motion requests that he be allowed to amend his Complaint in order to re-allege a retaliation claim against Rash. Anthony Wills filed a response (Doc. 31) noting that Beck failed to include a proposed Amended Complaint.

The Court does not accept piecemeal amendments to the Complaint. According to SDIL Local Rule 15.1(b)(1), a proposed "amended pleading must contain all claims against all parties, as if starting anew." In order to amend his pleading, in addition to his motion, Beck must submit a proposed amended pleading with all of the new material underlined. *See* SDIL Local Rule 15.1(b)(2). Here, Beck has only submitted his motion requesting that he be allowed to amend his retaliation claim against Rash. Although Beck includes additional allegations against Rash, he failed to submit a proposed amended

pleading with these new allegations. To the extent Beck seeks to amend his Complaint, he would need to file a motion requesting to amend his pleading and attach a proposed Amended Complaint. This proposed pleading should include his original allegations and claims, as well as his new allegations. The new allegations must be underlined per Local Rule. Because Beck's motion fails to comply with the Court's Local Rules, and he failed to attach a proposed Amended Complaint for the Court's review, his motion to amend is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  May 5, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**